IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:92CR36-06-MU

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** ) | | |
|     **Plaintiff,** ) | | |
| ) | | |
|     v. ) | | <u>ORDER</u> |
| ) | | |
| **JAIME RODRIGUEZ, a.k.a.** ) | | |
|   **Jose Rivera,** ) | | |
|     **Defendant.** ) | | |
| _____) | | |

**THIS MATTER** comes before the Court on the defendant's "Motion To Correct Record Arising From Oversight Or Omission Under Rule 36 Of Criminal Procedure," filed March 14, 2005.

According to the defendant's Motion and pertinent Court records, on April 5, 1993, a jury convicted the defendant of conspiracy to possess with intent to distribute, and to distribute cocaine in violation of 21 U.S.C. §§841(a)(1) and 846. Next, on July 10, 1995, the Court conducted a Sentencing Hearing at which time the defendant received a 262 month sentence.  At the time of his Sentencing Hearing, the Court announced that the defendant's sentence should be served concurrent with a 210-month sentence which he already had received in the U.S. District Court for the Southern District of Florida on May 2, 1994.

By the instant Motion, the defendant represents that he has come to learn from personnel with the Federal Bureau of Prisons that because this Court did not direct that its sentence be served coterminously with the May 1994 sentence, there is a 1 year, 2 month and 8 day-period of pre-trial detention for which the defendant will not receive credit on this Court's sentence. That is, because the defendant is not serving his sentences coterminously, the subject period of pre-trial detention will be credited toward the defendant's May 1994 sentence and not toward his July 1994 sentence.

First, the Court notes that under 18 U.S. C. §3585 (b), there is a general preference against awarding a defendant credit for prior custody on more than one sentence. Thus, the defendant's request is typically the kind which would not be granted.

Second, although the defendant is correct that Rule 36 of the Federal Rules of Criminal Procedure allows district courts, at any time, "to correct a clerical error in a judgment . . . ," such fact is not dispositive here. Indeed, the relief which the defendant is seeking is not based upon any clerical error of this Court.

Rather, the defendant is asking the Court to enter an Order, nunc pro tunc, now directing that the sentence which it imposed back in July 1994 be served coterminously with his May 1994

2

sentence. However, it is quite apparent to the undersigned that this Court has no authority to grant the requested relief.

To be sure, pursuant to 18 U.S. C. §3582, a sentence of imprisonment can be modified by a district court only when: 1) a motion for such modification is made by the Director of the Bureau of Prisons; 2) such a motion is properly brought pursuant to Fed.R.Crim.P. 35; or 3) such a motion is made by an appropriate party based upon the lowering of the sentencing range by the U.S. Sentencing Commission. However, inasmuch as none of those provisions applies to the instant scenario, the defendant's Motion must be **DENIED**.

    **SO ORDERED.**

Signed: March 20, 2006

Graham C. Mullen
United States District Judge